## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**NORTHSTAR HOLDINGS, INC.,**          **CASE NO.:**
**NORTHSTAR HOMES, INC. AND**
**NORTHSTAR HOLDINGS AT B & A, LLC,**

       **Plaintiffs,**

**v.**

**GENERAL FIDELITY INSURANCE**
**COMPANY, QUANTA INDEMNITY**
**COMPANY, MID-CONTINENT CASUALTY**
**COMPANY, AXIS SURPLUS INSURANCE**
**COMPANY AND ESSEX INSURANCE**
**COMPANY**

       **Defendants.**

_____/

## COMPLAINT

Plaintiffs, Northstar Holdings, Inc., Northstar Homes, Inc. and Northstar Holdings at B & A, LLC (collectively "the Northstar entities"), bring this action against General Fidelity Insurance Company, Quanta Indemnity Company, Mid-Continent Casualty Company, Axis Surplus Insurance Company and Essex Insurance Company (individually, an "Insurance Company," and collectively, the "Insurance Companies"). The Northstar entities seek a declaratory judgment that each Insurance Company is obligated to defend and indemnify the Northstar entities for losses arising from claims and suits against the Northstar entities for the development of homes allegedly containing defective Chinese manufactured drywall.

## PARTIES

1.     Plaintiffs are citizens of the state of Florida.

2.      Plaintiff, Northstar Holdings, Inc., is a Florida for-profit corporation with its principal place of business in Palm Beach County, Florida.

3.      Plaintiff, Northstar Homes, Inc., is a Florida for-profit corporation with its principal place of business in Palm Beach County, Florida.

4.      Plaintiff, Northstar Holdings at B & A, LLC, is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

5.      Defendant, Mid-Continent Casualty Company ("Mid-Continent"), is an Ohio corporation with its principal place of business in Oklahoma.  Mid-Continent is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

6.      Defendant, General Fidelity Insurance Company ("General Fidelity") is a California corporation with its principal place of business in North Carolina. General Fidelity is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

7.      Defendant, Quanta Indemnity Company ("Quanta") is a Colorado corporation with its principal place of business in New York. Quanta is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

8.      Defendant, Essex Insurance Company ("Essex"), is a Delaware corporation with its principal place of business in Virginia. Essex is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

9.     Defendant, Axis Surplus Insurance Company ("Axis"), is an Illinois corporation with its principal place of business in Georgia.   Axis is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and the parties are citizens of different states.

11.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(3) because the Defendants are subject to personal jurisdiction in this judicial district. Defendants are authorized to sell insurance in Louisiana and routinely sell insurance in Louisiana.   Venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407.

## GENERAL FACTS

12.     One or more of the Northstar entities were and/or are involved in building homes and residential communities in Florida.

13.     This action arises from alleged property damage and/or bodily injury allegedly occurring as a result of the use of Chinese drywall in homes that one or more of the Northstar entities sold to homeowners ("homeowners" or "claimants") in Palm Beach County, Florida.

14.     The homeowners closed on these homes primarily between 2005 and 2007.

15.     The claimants allege damages that include, but are not limited to: increased rates of corrosion of soft metal materials throughout the houses (such as air conditioning coils, refrigerator tubing, electrical wires, and television connections); tarnishing of silver and other

metal within the homes; damage to their personal property within their homes; damages resulting from the need to restore, repair, and replace the damage and sources of the damage; and bodily injury (the "Underlying Claims"). The Underlying Claims are being made against Northstar in several actions one of which is pending in MDL-2047, *In re Chinese-Manufactured Drywall Products Liability Litigation*, case no. 09-4320, *Katherine Foster v. Northstar Holdings, Inc., et al.*, presided over by Judge Eldon Fallon of the Eastern District of Louisiana.[1]

### Northstar's Insurance Policies

16.     The insurance policies that cover the losses arising from the claims consist of liability insurance polices sold to one or more of the Northstar entities and drywall subcontractor policies under which these entities are a named or additional insured (collectively, the "Insurance Policies").

17.     General Fidelity issued to one or more of the Northstar entities the following commercial general liability policies:

      a.     BAG0002215-00, policy period 1022/06 - 10/22/07

      b.     BAG0004973-00, policy period 10/22/07 - 10/22/08

      c.     BAG0006227, policy period 10/22/08 - 10/22/09

18.     Quanta issued to one or more of the Northstar entities commercial general liability policies:

      a.     QAG0002131-00, policy period 12/3/04 – 10/22/05

---

[1] Many other cases involving similar or identical insurance policy provisions in the context of Chinese drywall have been filed; at least 10 are pending before Judge Fallon. *See Borne v. Liberty Mut. Fire Ins. Co.*, 09-6073; *Van Winkle v. Nautilus Ins. Gp.*, 09-4378; *West v. State Farm Fire & Cas. Co.*, 09-6356; *West v. State Farm Fire & Cas. Co.*, 09-6356; *Louis & Huft v. Interior Exterior Bldg. Supply, LP*, 09-7016; *Silva v. Arch Ins. Co.*, 09-8034; *Bourdon v. Interior Exterior Bldg. Supply, LP*, No. 09-7025; *Dennis v. State Farm Fire & Cas. Co.*, 09-7560; *Pate v. Am. Intl Specialty Lines Ins. Co.*, 09-7791, *Bourgeiois v. Allstate Indemnity Co.*, 10-00052 (all in E.D. La.). *See* MDL-2047 Docket Nos. 158 & 159, PLC's Notice of Supplemental Authority (Jan. 19, 2010)). http://www.jpml.uscourts.gov/Mats/WinMATS%20Pleadings/2047/MDL%202047%20Pleadings%20158.pdf.

       b.      QNX0006138, policy period 10/22/05 – 10/22/06

19.     Quanta issued to one or more of the Northstar entities commercial excess liability policies:

       a.      QAX0002132-00, policy period 12/3/04 – 10/22/05

       b.      QNX0006139-00, policy period 10/22/05 – 10/22/06

       c.      QAX0010125, policy period 10/22/06 – 10/22/07

20.     Axis issued to one or more of the Northstar entities commercial general liability policies:

       a.      EAF72473006, policy period 2/15/06 – 2/15/07

       b.      EAM737440-08, policy period 2/15/08 – 2/15/09

<u>The Subcontractor Insurance Policies</u>

21.     One or more of the Northstar entities is a named or additional insured under the insurance policies of its drywall subcontractor, Precision Drywall, Inc. that supplied and/or installed Chinese Drywall in the claimants' homes.

22.     These insurance policies consist of:

| Insurance Company | Policy Number | Period |
| --- | --- | --- |
| Mid-Continent Casualty Company | 04-GL-000657042 | 9/9/06 – 9/9/07 |
| Mid-Continent Casualty Company | 04-GL-000688059 | 9/9/07 – 9/9/08 |
| Mid-Continent Casualty Company | 04-GL-000730055 | 9/9/08 – 9/9/09 |
| Mid-Continent Casualty Company | MSG24989 | 9/9/05 – 9/9/06 |
| Essex Insurance Company | 04SX147476 | 9/9/06 – 9/9/07 |

<u>Notice and Failure to Provide Coverage</u>

23.     The Northstar entities timely provided notice under the Insurance Policies.

24.     The Northstar entities have satisfied all conditions precedent and obligations under the Insurance Policies; alternatively, any further efforts to satisfy conditions precedent would be futile.

25.     The Northstar entities have paid substantial sums for the policies, constituting all premiums due thereunder.

26.     The Insurance Companies that issued the Insurance Policies have either denied coverage, repudiated their obligation to provide coverage, or otherwise failed to timely acknowledge their coverage and defense obligations.


**COUNT I**
**DECLARATORY JUDGMENT**

27.     The Northstar entities repeat and reallege paragraphs 1 through 26 above as if fully set forth herein.

28.     Under the terms of the Insurance Policies, the Defendants are obligated to defend and indemnify the Northstar entities in connection with the Underlying Claims.

29.     The Northstar entities have demanded that Defendants perform their contractual obligations under the Insurance Policies, but they have repudiated their contractual obligations.

30.     A justiciable controversy exists as to the coverage afforded under the Insurance Policies.

31.     Accordingly, pursuant to 28 U.S.C. § 2201, the Northstar entities are entitled to a judgment declaring that the Defendants are obligated to defend and indemnify the Northstar entities in connection with the Underlying Claims.

## COUNT II
## BREACH OF CONTRACT

32.     The Northstar entities repeat and reallege paragraphs 1 through 26 above as if fully set forth herein.

33.     The Defendants breached the policies by failing to acknowledge coverage for the Underlying Claims and by failing to defend the Northstar entities in the Chinese drywall litigation.

34.     As a result, the Northstar entities have suffered damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

The Northstar entities hereby demand a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Northstar entities demand:

A.     Judgment in the Plaintiffs' favor on Count I, declaring that the Defendants are obligated to defend and indemnify the Northstar entities in connection with the Underlying Claims;

B.     Judgment in the Plaintiffs' favor on Count II, awarding the Plaintiffs damages in an amount to be determined at trial;

C.     Pre- and post-judgment interest;

D.     Attorney's fees;

E.     Costs; and

     F.      Any and all such further relief as this Court deems just and proper.

DATED: February 12, 2010

Respectfully submitted,

BROAD and CASSEL

/s/ Michael K. Wilson____
Florida Bar No. 657069
mkwilson@broadandcassel. com
390 N. Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
*Attorneys for Northstar Holdings, Inc., Northstar*
*Homes, Inc. and Northstar Holdings at B&A,*
*LLC*